1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Destiny Johnson,                           No. CV-18-04462-PHX-JJT

10                   Plaintiff,                  **ORDER**

11   v.

12   Michael Pompeo, *et al.*,

13                   Defendants.

14           At issue are *pro se* Plaintiff Destiny Johnson's Complaint (Doc. 1, Compl.) and

15   Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2). Having

16   determined that Plaintiff does not have the means to pay the Court's fees in this case, the

17   Court will grant the Application. However, as set forth below, upon screening Plaintiff's

18   Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court has found that the Complaint fails

19   to state a claim and the basis for the Court's subject matter jurisdiction. The Court will

20   therefore dismiss the Complaint with leave to amend.

21   **I.      LEGAL STANDARDS**

22           **A.      28 U.S.C. § 1915(e)(2)**

23           For cases such as the present one in which a party is permitted to proceed *in forma*

24   *pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a

25   district court "shall dismiss the case at any time if the court determines" that the "allegation

26   of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state

27   a claim on which relief may be granted," or "seeks monetary relief against a defendant who

28   is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma*

*pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B.    Rule 8, Federal Rules of Civil Procedure

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### C.    Subject Matter Jurisdiction in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). To proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a); Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014).

## II.    ANALYSIS

In the Complaint, Plaintiff states that the Court has federal question jurisdiction but fails to state the basis for the Court's jurisdiction by neglecting to identify the federal statute, treaty, or provision of the United States Constitution at issue in this case. (Compl. at 3.) The Court must dismiss the Complaint for this reason alone, but Plaintiff may file an Amended Complaint to identify the basis of the Court's jurisdiction.

Plaintiff has also failed to allege enough facts to state a claim. Plaintiff states that she was terminated from employment with non-party Peckham Inc. by the U.S. Department of State and that the termination was based on discrimination on account of her disabilities. (Compl. at 4.) Among other damages, Plaintiff seeks lost wages and compensation for a lost retirement fund. (Compl. at 4.) It is unclear from the allegations how a government agency fired Plaintiff from her employment with an apparently private enterprise. Moreover, if Plaintiff was an employee of Peckham Inc., it is unclear how Plaintiff can seek lost wages from a government agency in lieu of her employer.

If, for example, Plaintiff is attempting to bring an employment discrimination case, she must allege sufficient facts to identify the employment relationship, describe the employment conduct of the named Defendants—Secretary Michael R. Pompeo and Director Gregory B. Smith—that was discriminatory, and state when the conduct occurred. As indicated above, Plaintiff must also state the statute or other legal authority under which she is suing Defendants, who are federal government employees.

If Plaintiff is attempting to sue Defendants under Title VII, "a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) (citations omitted); *see also* 42 U.S.C. § 2000e-5(f)(1). "Exhaustion of administrative remedies under Title VII requires that the complainant file a timely charge with the [Equal Employment Opportunity Commission ("EEOC")], thereby allowing the agency time to investigate the charge." *Lyons*, 307 F.3d at 1104 (citing 42 U.S.C. § 2000e-5(b)). The statute requires that an EEOC charge be filed within 180 days of the allegedly unlawful employment practice and notice

be served upon the party against whom the charge is brought within ten days thereafter. 42 U.S.C. § 2000e-5(e)(1).

If Plaintiff's claim is indeed one for employment discrimination, she does not allege that she filed an EEOC charge as required by the statute. Because the Complaint contains no allegations that Plaintiff exhausted her administrative remedies, the Court cannot conclude that it has subject matter jurisdiction over this action for this additional reason. *See Lyons*, 307 F.3d at 1104.

If, on the other hand, Plaintiff is alleging non-employment discriminatory conduct on the part of Defendants, such as the denial of a security clearance, she must state the legal basis for suing Defendants for their alleged conduct.

In short, the Court cannot determine what Plaintiff's claim is, its legal basis, or whether the Court has jurisdiction. If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1130. Because Plaintiff may be able to cure the defects in her Complaint by amendment, the Court will permit her to file an Amended Complaint by April 19, 2019.

IT IS THEREFORE ORDERED granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

IT IS FURTHER ORDERED dismissing Plaintiff's Complaint (Doc. 1) for failing to state a claim and the basis of the Court's jurisdiction.

IT IS FURTHER ORDERED that Plaintiff may file an Amended Complaint that complies with Federal Rules of Civil Procedure and this Order no later than April 19, 2019.

IT IS FURTHER ORDERED that, if Plaintiff does not file an Amended Complaint by April 19, 2019, the Clerk shall dismiss this action without further Order of the Court.

Dated this 25th day of March, 2019.

Honorable John J. Tuchi
United States District Judge