**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Destiny Johnson, | No. CV-18-04462-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Pompeo, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Destiny Johnson's Amended Complaint (Doc. 8, Am. Compl.), which Plaintiff filed after the Court screened her original Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2) and dismissed it for failure to state a claim. (*See* Doc. 7, Order.) The Court finds the Amended Complaint also fails to state a claim. For the same reasons as the Court laid out in the previous Order (Doc. 7), the Court will dismiss the Amended Complaint with leave to amend.

## I.    LEGAL STANDARDS

### A.    28 U.S.C. § 1915(e)(2)

For cases such as the present one in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma*

*pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B.    Rule 8, Federal Rules of Civil Procedure

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### C.    Subject Matter Jurisdiction in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). To proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a); Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014).

## II.     ANALYSIS

In the Amended Complaint, Plaintiff states that the Court has jurisdiction under "Civil Action P0610," which she apparently took from the EEOC's Decision on Request for Reconsideration, which is attached to the Amended Complaint. "Civil Action P0610" is not a basis for the Court's subject matter jurisdiction. Even though the EEOC's decision states that Plaintiff has the right to file a civil action in U.S. District Court, Plaintiff is still obligated to file a Complaint that states a basis for this Court's jurisdiction as well as alleges sufficient facts to plausibly state a legal claim. Plaintiff does neither.

Plaintiff again alleges that she was wrongfully terminated from her employment with non-party Peckham Inc., but she is suing the U.S. Department of State. It is unclear how Plaintiff can sue the U.S. Department of State for wrongful termination when she does not allege that the Department was her employer. If Plaintiff is suing the U.S. Department of State for denying her security clearance, Plaintiff must state the legal basis for suing the Department and its Secretary, Michael R. Pompeo.

In short, the Court again cannot determine what Plaintiff's claim is, its legal basis, or whether the Court has jurisdiction. If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1130. Because Plaintiff may be able to cure the defects in her Amended Complaint by another amendment, the Court will permit her to file a Second Amended Complaint by May 6, 2019.

IT IS THEREFORE ORDERED dismissing Plaintiff's Amended Complaint (Doc. 8) for failing to state a claim and the basis of the Court's jurisdiction.

IT IS FURTHER ORDERED that Plaintiff may file a Second Amended Complaint that complies with Federal Rules of Civil Procedure and this Order no later than May 6, 2019.

. . . .

. . . .

. . . .

. . . .

IT IS FURTHER ORDERED that, if Plaintiff does not file a Second Amended Complaint by May 6, 2019, the Clerk shall dismiss this action without further Order of the Court.

Dated this 22nd day of April, 2019.

Honorable John J. Tuchi
United States District Judge